UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BSH HOME APPLIANCE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 21-cv-10999<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT NIDEC'S MOTION TO DISMISS (ECF No. 32)**

I.   **Introduction**

Trisa and Martin Camaj bought a refrigerator that malfunctioned in November 2018, damaging their home. ECF No. 23, PageID.69. Plaintiff Allstate Vehicle & Property Insurance Company, the Camajs' home insurer, paid the repair costs. *Id.* Allstate's forensic engineer examined the refrigerator and found that a defective icemaker motor manufactured by Defendant Nidec Motor Corporation caused the malfunction. *Id.* Allstate

asserts claims of breach of implied warranty and negligence. *Id.* at PageID.70-73.

Nidec moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Allstate's implied warranty claim is barred by the statute of limitations and that its negligence claim is inadequately pleaded. ECF No. 32. The Honorable Judith E. Levy referred the motion to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 35. The Court recommends that Nidec's motion be granted in part and denied in part.

## II.    Analysis

### A.

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the

light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*

Although the plausibility of a complaint is usually assessed on the face of the complaint, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money*, 508 F.3d at 335-36; *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (plan documents considered without converting motion to dismiss to one for summary judgment when the complaint referred to the "plan").

3

**B.**

Because this Court sits in diversity, the substantive law of Michigan governs the claims in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

To start, the Court must first address the parties' dispute about whether Allstate asserts an express warranty claim. *See* ECF No. 34, PageID.123; ECF No. 36, PageID.152. Count II, titled "Breach of Warranties," references only the implied warranty of merchantability under Michigan Compiled Laws § 440.2314. ECF No. 23, PageID.71-73. The amended complaint does not refer to an express warranty and is "devoid of any facts as to when, how, and by whom an express warranty . . . was made." *See Teal v. Argon Med. Devices, Inc.*, 533 F. Supp. 3d 535, 545 (E.D. Mich. 2021). Nor does that claim specify the terms of an express warranty. *Id.*

Allstate cites Defendant BSH Home Appliance Corporation's express warranty in its response, arguing "it is likely that Defendant Nidec's warranties were similar." ECF No. 34, PageID.121; ECF No. 34-1, PageID.129-131. But Allstate did not cite this warranty in its complaint or seek leave to amend its complaint to add such allegations. *See Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The

pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."). Thus, the Court finds that Allstate has alleged only an implied warranty claim.

Nidec contends that the implied warranty claim is untimely under the four-year statute of limitations. See Mich. Comp. Laws § 440.2725(1). A breach of warranty claim "accrues either on tender of delivery or, if the warranty explicitly extends to future performance of the goods, when the breach is, or should have been, discovered." *Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*, 317 Mich. App. 395, 401 (2016) (citing Mich. Comp. Laws § 440.2725(2)). A warranty extends to future performance if it "expressly define[s] the future period to which it applies" and "explicitly provide[s] that the goods warranted will be free from defects for the specified period." *Id.* Some courts have held that "[a]n implied warranty, by its nature, does not extend to future performance." *Miller v. Gen. Motors, LLC*, No. 17-cv-14032, 2018 WL 2740240, at *8 (E.D. Mich. June 7, 2018). But the Michigan Court of Appeals has rejected this view, holding that an implied warranty could be extended under an express warranty. *McNeal v. Blue Bird Corp.*, No. 308763, 2014 WL 2619408, at *8 (Mich. Ct. App. June 12, 2014).

5

Allstate's claim against Nidec is barred under the four-year limitations period. The Camajs bought the refrigerator in May 2014, and Allstate did not name Nidec as a defendant until November 2021, over seven years later. ECF No. 23, PageID.69.

The Court rejects Allstate's argument that the implied warranty was extended under BHS's express warranty.[1] It is true that the limitations period for an implied warranty claim may be modified if the parties' agreement mentions merchantability and is conspicuous. *McNeal*, 2014 WL 2619408, at *5 (citing Mich. Comp Laws § 440.2316). But here, in bold and capitalized text, the agreement limits the implied warranties to the duration of the express warranty. ECF No. 34-1, PageID.131 ("Any warranty implied by law, whether for merchantability or fitness for a particular purpose, or otherwise, shall be effective only for the period that this express limited warranty is effective."); *see Davis v. LaFontaine Motors, Inc.*, 271 Mich. App. 68, 77 (2006) (citing Mich. Comp. Laws § 440.1201(10)) (provision in capital letters or in contrasting typeface is considered conspicuous). BHS expressly warranted that the product "is free from defects in materials and workmanship" for two years and provides

---

[1] Neither party cites authority establishing whether BHS's warranty is binding on Nidec. But even if it applies to Nidec, Allstate has not met the limitations period.

that this "timeline begins to run upon the date of purchase, and shall not be stalled, tolled, extended, or suspended, for any reason whatsoever." ECF No. 34-1, PageID.129.

BHS's agreement also contains a provision titled "extended warranty" stating that it would repair or replace certain refrigerator components for time periods extending up to twelve years. *Id.* But Michigan courts distinguish between express warranties and contractual promises to repair or replace when applying § 440.2725. *Grosse Pointe*, 317 Mich. App. at 406. While an express warranty guarantees that products will conform to certain specifications, a promise to repair or replace "says nothing about the character or quality of the goods, but rather identifies a remedy if the buyer determines that the goods are defective." *Id.* at 404 (citing Mich. Comp. Laws § 440.2313). Thus, when a provision does not concern the quality of goods but instead provides a remedy, it is not a warranty but a contractual promise to which § 440.2725(2) does not apply. *Id.* at 406-07.

In sum, a two-year limitations period on the implied warranty applies. So Allstate's implied warranty claim, filed seven years after the Camajs bought the refrigerator, is barred under the statute of limitations.

7

## C.

Nidec next contends that Allstate fails to adequately plead a negligence claim. In a products negligence action, a plaintiff must show that: "(1) the product was defectively manufactured; (2) the product reached the plaintiff in the same condition as it was when it left the manufacturer; and (3) the defect was the proximate cause of the plaintiff's damages." *Meemic Ins. Co. v. Hewlett-Packard Co.*, 717 F. Supp. 2d 752, 768 (E.D. Mich. 2010). "In the case of a 'manufacturing defect,' the product may be evaluated against the manufacturer's own production standards, as manifested by that manufacturer's other like products." *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 683 (1984). Manufacturing defects require an "examination of the product itself rather than the manufacturer's conduct." *Gregory v. Cincinnati, Inc.*, 450 Mich. 1, 13 n.10 (1995).

Allstate alleges that water leaked from the refrigerator's icemaker, significantly damaging the Camajs' home. ECF No. 23, PageID.69. A forensic engineer confirmed that the icemaker's mold overflowed because "the output gear of the motor and ice extraction shaft" manufactured by Nidec failed to rotate properly. *Id.* Allstate alleges that Nidec negligently manufactured its product in several respects, including by violating industry

8

and legal standards, failing to train or supervise staff, failing to inspect, and failing to use due care.  *Id.* at PageID.70-71.

These allegations sufficiently state a products negligence claim. Allstate has alleged a specific defect with Nidec's product that led to the foreseeable risk of water damage.  While Nidec contends that Allstate failed to identify improper conduct on Nidec's part, such an allegation is not required in a manufacturing defect claim.  *Gregory*, 450 Mich. at 13 n.10 (a manufacturer's conduct is relevant to a design defect claim, while manufacturing defects require examination of the product itself).  And although Allstate alleges that Nidec violated industry and legal standards without identifying those standards, Nidec cites no authority holding that those standards must be identified at the pleading stage.  In *Teal*, the court declined to dismiss a negligence claim that made similar allegations; the complaint alleged that the product differed from design specifications and that defendant violated the FDA's good manufacturing regulations.  533 F. Supp. 3d at 549.  The industry and legal standards, as well as specific instances of Nidec's failure to train its staff or conduct reasonable inspections, can be uncovered through discovery.

Nidec also argues for the first time in its reply that the negligence claim is precluded under the economic loss doctrine. ECF No. 36, PageID.154-155. A party cannot raise new issues in a reply brief:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further, the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (internal quotation marks omitted). Thus, Nidec has waived this argument.

### III.  Conclusion

The Court thus **RECOMMENDS** that Nidec's motion to dismiss be **GRANTED IN PART AND DENIED IN PART** (ECF No. 32).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 4, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

12

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
