UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allstate Vehicle and Property
Insurance Company,

                Plaintiff,

v.

BSH Home Appliance Corporation,
Whirlpool Corporation, and Nidec
Motor Corporation,

                Defendants.

_____/

Case No. 21-10999

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A.
Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [37] AND GRANTING IN PART AND DENYING IN PART DEFENDANT NMC'S MOTION TO DISMISS [32]**

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation ("R&R") recommending that this Court grant in part and deny in part Defendant Nidec Motor Corporation's ("NMC") Motion to Dismiss. (ECF No. 37.) NMC filed two timely objections. (ECF No. 38 (objection); ECF No. 39 (brief in support of objection).) Plaintiff responded. (ECF No. 40.)

For the reasons set forth below, the Court adopts the R&R. NMC's motion to dismiss is granted in part and denied in part. (ECF No. 32.)

## I. Background

The Court adopts by reference the background facts incorporated into the R&R, having reviewed them and finding them to be accurate and thorough. (ECF No. 37.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the

2

general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, NMC's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

### III. Analysis

#### A. Objection 1

NMC's first objection is to the R&R's conclusion that Plaintiff Allstate properly pleaded a claim for products liability negligence as to NMC. (*See* ECF No. 38, PageID.170.) NMC argues that Allstate's complaint is conclusory and does not meet the pleading requirements set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqubal*, 556 U.S. 678 (2009). (EECF No. 39, PageID.179–180.)

3

Specifically, NMC argues that Allstate did not specify any factual allegations of a negligent act, leaving NMC unable to defend itself. (*Id.* at PageID.180–184.) It focuses largely on Allstate's allegations set forth in paragraph 19 of the complaint that is applicable to all three defendants in the case. (*Id.* at PageID.178.) NMC's motion to dismiss contained nearly identical arguments, focusing specifically on how paragraph 19 of the complaint is too conclusory for NMC to mount a defense. (ECF No. 32, PageID.108–111.) NMC's objection in large part merely restates the same arguments that were before the Magistrate Judge. (*Compare* ECF No. 32, PageID.108–111 *with* ECF No. 39, PageID.181–184.) An objection that sets forth the same or similar arguments as were before the Magistrate Judge, or disputes the general correctness of an R&R, is improper. *See Miller*, 50 F.3d at 380. The R&R thoroughly and adequately addresses NMC's arguments on this issue. The R&R's conclusion that the "allegations sufficiently state a products negligence claim" will be undisturbed. (ECF No. 37, PageID.165.) Accordingly, this objection is denied.

NMC's objection 1 also notes its disagreement with the R&R's citation to footnote 10 in *Gregory v. Cincinnati, Inc.*, 450 Mich. 1, 13 n.10

4

(1995). NMC argues that this citation in the R&R demonstrates that the Magistrate Judge "misunderstands the difference between the legal theories of product liability (negligence or implied warranty) as opposed to types of defects that can be argued under either theory (manufacturing defects, design defects, or inadequate warning defects)." (ECF No. 39, PageID.181–182.) This argument is rejected.

As set forth in *Teal v. Argon Med. Devices, Inc.*, 533 F. Supp.3d 535, 543 (E.D. Mich. 2021) (Drain, J.): "Regardless of whether a plaintiff is proceeding under a negligence theory or a breach of implied warranty theory, she must, at minimum, establish: '(1) that the product was defective; (2) that the produce was defective when it left the control of the defendant; and (3) that the defective product caused the plaintiff's injuries.'" This is precisely the standard employed in the R&R in its evaluation of Allstate's allegations. (*See* ECF No. 37, PageID.164 ("In a products negligence action, a plaintiff must show that: '(1) the product was defectively manufactured; (2) the product reached the plaintiff in the same condition as it was when it left the manufacturer; and (3) the defect was the proximate cause of the plaintiff's damages.'" (internal citations

5

omitted).) Accordingly, there is no error in the R&R on this issue and NMC's argument is overruled.

To the extent that NMC disputes the R&R's citation to *Gregory* where it states that Allstate was "not required" to identify improper *conduct* on NMC's part in a manufacturing defect claim, this argument is also rejected. The complaint does, in fact, identify allegedly negligent conduct on NMC's part, where it alleges that NMC violated industry and legal standards, failed to train or supervise staff, failed to inspect, and failed to use due care. (*See* ECF No. 23, PageID.70–71.)

NMC's objection 1 further argues that, among the many alleged failures in Allstate's complaint, a key problem is that Allstate never indicates "whether [it is] proceeding under a manufacturing defect theory or a design defect theory, and Allstate fails to allege facts that would support either theory." (*Id.* at PageID.182.) This argument is rejected.

The complaint clearly identifies the claim against NMC as a negligence claim based on an alleged manufacturing defect and does not create confusion as to whether a design defect is alleged. (*See* ECF No. 23, PageID.69–71.) The complaint references the "manufacture" of the refrigerator, icemaker, and/or motor no less than 19 times. (*See* ECF No.

6

23.) And the complaint states that NMC "manufactured" the "icemaker motor or gearbox." (*Id.* at PageID.69.) Accordingly, NMC's arguments that it cannot tell from the complaint whether it is being sued for a design or manufacturing defect case are rejected.

### B. Objection 2

NMC's second objection regards the R&R's conclusion that NMC's economic loss doctrine argument was waived because it was raised for the first time in a reply brief. (ECF No. 38, PageID.170.) According to NMC, its economic loss doctrine argument is proper and not waived because it was raised "directly in response to Allstate's argument that the product malfunction supports a negligence claim." (ECF No. 39, PageID.186.) NMC's argument is rejected.

As correctly stated in Allstate's response to NMC's objection, the timing for asserting a defense is controlled by Federal Rule of Civil Procedure 12(h)(2), which states that a defense may only be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by motion under Rule 12(c); or (C) at trial." NDC's reply brief in support of its own Rule 12(b)(6) motion does not fall under any of these categories. Moreover, Allstate's complaint sets forth allegations that support a product

7

malfunction negligence claim. Therefore NMC's argument that it did not learn of Allstate's position until it read Allstate's response to the motion to dismiss defies logic. Accordingly, the objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part NDC's motion to dismiss (ECF No. 32), adopts the R&R (ECF No. 37), and denies NMC's objections (ECF Nos. 38, 39.)

IT IS SO ORDERED.

Dated: November 30, 2022      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager